## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-120 PA (KKx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | Jose Madriz v. Four-C Commercial, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **IN CHAMBERS**

The Court has received a letter and Application for Stay on behalf of defendant Four-C Commercial ("Defendant"). The Clerk is ordered to file the letter and Application for Stay.

The parties are directed to Local Rule 83-2.5, which provides:

> Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

Local Rule 83-2.5. In the future, the Court will not accept any letters or other communications that do not comply with the Local Rules. Further violations of the Federal Rules of Civil Procedure or the Local Rules may result in the imposition of sanctions.

On February 25, 2020, plaintiff's counsel submitted a Declaration in response to the Court's Order to Show Cause in which plaintiff's counsel apologized for not having timely filed a request for entry of default. Plaintiff thereafter sought entry of Defendant's default. Plaintiff's counsel's Declaration did not mention anything about having been contacted by Defendant. However, according to Defendant's letter, Defendant, which is not currently represented by counsel, communicated with counsel for plaintiff "numerous times" and provided a CASp report showing that Defendant is in compliance with the ADA's accessibility standards. Defendant states that it was under the impression that plaintiff was dropping the case.

Given the early stage of the proceedings, the preference for resolving matters on the merits, and the fact that plaintiff has not yet obtained a Judgment, the Court vacates the default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-120 PA (KKx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | Jose Madriz v. Four-C Commercial, et al. | | |

entered on March 2, 2020.  See Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) ("Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside default so that cases may be decided on their merits.").

Although Defendant has submitted its Application for Stay on the Judicial Counsel's form for use in California Superior Court, the Court construes the Application for Stay as having been submitted in compliance with the Court's ADA Disability Access Litigation program. Consistent with that program, plaintiff has until March 23, 2020, to oppose Defendant's Application for Stay.  The Court notes that, under the Court's program, Defendant, which is a corporation, is not required to hire an attorney to file the Application for Stay and Early Mediation.  However, if the action cannot be resolved through mediation, entity defendants, including corporations, may not file an Answer or otherwise appear in the action without an attorney.  See Local Rule 83-2.2.2.  The Clerk is ordered to serve a copy of the Court's ADA Disability Access Litigation packet on Defendant.  In the future, Defendant shall use the forms available on this Court's website (http://www.cacd.uscourts.gov/court-procedures/forms), rather than those prepared for use in California Superior Court.

The Court orders plaintiff's counsel to show cause in writing why plaintiff and his counsel should not be sanctioned in an amount up to $2,000.00 for failing to notify the Court that Defendant had been in communication with plaintiff's counsel prior to plaintiff having sought entry of Defendant's default.  Plaintiff and plaintiff's counsel shall respond to this Order to Show Cause by no later than March 25, 2020.

IT IS SO ORDERED.

:
Initials of Preparer